**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRECENCIO JORGE LOPEZ-DIAZ, | No. 08-74924 |
| Petitioner, | Agency No. A072-401-361 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Crecencio Jorge Lopez-Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Diaz failed to establish he suffered harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (mail and telephone death threats to petitioner on NPA death list did not compel a finding of past persecution). Because Lopez-Diaz did not establish past persecution, his apparent contentions that he is entitled to a presumption of future persecution and to humanitarian asylum necessarily fail. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002); 8 C.F.R. § 1208.13(b)(1)(iii). Substantial evidence also supports the agency's conclusion that Lopez-Diaz failed to establish a well-founded fear of persecution and a clear probability of future harm on account of a protected ground following the 1996 peace accords. *See Molina-Estrada*, 293 F.3d at 1095-96 (petitioner did not show good reason to fear future persecution from guerrillas where Guatemalan civil war ended in 1996 and petitioner failed to present sufficient countervailing evidence supporting his fear). Accordingly, Lopez-Diaz's asylum and withholding of removal claims fail.

08-74924

In addition, substantial evidence supports the agency's denial of CAT relief because Lopez-Diaz failed to establish it is more likely than not that he would be tortured at the instigation of or with the acquiescence of the government if removed to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We reject Lopez-Diaz's cursory challenge to the BIA's decision not to address his due process claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We also reject Lopez-Diaz's unsupported statement that there is a "routine practice" of keeping cases at the asylum office for more than a decade. Finally, we lack jurisdiction over the Attorney General's decision to "commence proceedings," *see Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002) (construing 8 U.S.C. § 1252(g) and concluding court lacked jurisdiction over claim INS had to immediately initiate deportation proceedings against petitioner when she presented herself to the agency), and Lopez-Diaz has not otherwise presented a colorable due process claim regarding the delay in his case, *see Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED.**